IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Civil No. 20-1040

| NANCY LUTHERAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **COMPLAINT** |
| FOOD LION, LLC and DELHAIZE AMERICA, LLC | ) | (Jury Trial Demanded) |
| Defendants. | ) | |

Plaintiff, complaining of the defendant, alleges:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Nancy Lutheran ("Plaintiff" or "Nancy") is a citizen and resident of Guilford County, North Carolina. At all times relevant to this action, Nancy was employed with Food Lion since October of 2006 and for 7 years prior to her unlawful termination, as a store manager for Store 848.

2. Defendant Food Lion, LLC ("Defendants" or "Food Lion") is a North Carolina limited liability company organized and existing under the laws of the State of North Carolina which, upon information and belief, operates grocery stores under the Food Lion name as a subsidiary of defendant Delhiaze America, LLC ("Defendants" or "Delhaize") and/or is the employer of Food Lion employees.

3. Delhaize is a North Carolina limited liability company which operates Defendant Food Lion stores and/or is the employer of Food Lion employees.

1

4. This court has jurisdiction under 42 U.C.S. § 2000e-5(f), 28U.S.C. §1331 and 28 U.S. C. §28 U.S. C. § 1345 and this judicial district is an appropriate venue for this action.

5. The Defendants are "persons" within the meaning of 42 U.S.C. § 2000 (e)(a) and an "employer" within the meaning of 42 U.S.C. § 2000e (b).

6. Nancy filed a timely charge of discrimination against the Defendant with the United States Equal Employment Opportunity Commission. Due to COVID-19 the investigation was delayed and ultimately a request was made by Plaintiff through undersigned counsel for the EEOC to issue a right to sue letter which was done.

7. All conditions precedent to the filing of suit have been performed or have occurred.

## FACTS AND CLAIM FOR RELIEF

8. Nancy started with defendants as a cashier in October of 2006 rising up through Food Lion management in multiple retail Food Lion stores based upon her proven dedication as reflected in her promotions and annual performance reviews.

9. For 2016 and 2017 Nancy received ratings of Great Leader (Highest rating) and Growing Leader (Mid rating) in 7 categories of her annual performance review as a Food Lion Store manager.

10. In 2018 the assessment in the annual performance review changed from the prior categories to categories of Consistently/Often Exceeds Expectations/Meets Expectations and Partial/Does not Meet Expectations. Nancy's 2018 review rated Nancy as Meets Expectations and/or often exceeds expectations.

11. In 2019 Travis Garland assumed responsibility for the region in which Nancy's Food Lion store 848 was located.

12. Travis Garland had once worked for Food Lion as did a Rocky Tickle, but both had voluntarily left the company. Rocky Tickle had once been the store manager at Food Lion store 848; it was well known among store managers that Rocky Tickle wanted to return to Nancy's region.

13. For the foregoing reasons, *inter alia*, Defendant discriminated against Nancy in violation of 42 USC § 2000e-2(a) by terminating her for an incident which other male officers were treated differently.

14. Following Travis Garland's assumption of his duties as a regional manager, Travis Garland began a campaign of micro-managing Nancy with such frequency and pettiness Nancy felt she was being harassed and feared for her position as a Food Lion Store Manager at store 848.

15. At Nancy's mid-year 2019 review with Travis Garland, Nancy was asked her age by Travis Garland, which he promptly compared to his own age to suggest they were about the same age, then brought up a personal relationship Nancy had with a Food Lion employee, not at her store, which had ended. Nancy felt intimated and uncomfortable.

16. Travis Garland's comments to Nancy were not only inappropriate but unlawful and asked only because of her gender/female and attractiveness in addition to being a single female.

17. Upon information and belief, Travis Garland felt rebuffed by Nancy.

18. Following the mid-year 2019 review, Travis began documenting (writing up) Nancy for allegations which were untrue, such as (i) alleged out of date icing because the icing had no date; and (ii) following the alleged out of date icing discovery, transferring the male perishable manager at store 848, a male team member named Matt, to store 465 in order to protect Matt from his poor performance at Store 848 and to prevent Nancy from documenting Matt for his management failures thereby unfairly protecting Matt.

19. In the fall of 2019, Nancy's deli manager suffered a worker's compensation injury – a broken wrist – which resulted in her being reduced to a worker's compensation pay rate of 60% wage. The deli manager became disgruntled holding Nancy responsible for her wage loss and treatment on worker's compensation.

20. As a result of the deli manager complaining to other Food Lion employees at Store 848, Travis Garland used the complaints from the deli manager and her co-worker/friends to initiate a listening session which involved Nancy told to not come to the Store while an Human Resources representative held a listening session with Store 848 employees.

21. When Nancy expressed concern that Travis Garland was undermining her as the store manager of Food Lion store 848, Travis responded that the listening session was related to a concern about store turnover of employees; however other Food Lion stores in Nancy's region all were experiencing similar turnover issues.

22. Nancy sought help from Travis Garland's supervisor about her concerns with Travis Garland conveying the high stress she had experienced because of Travis Garland's micro-management and misleading allegations. Nancy asked the Travis Garland's supervisor and later an HR representative to compare her store to other stores in her region, but also requested that she be transferred out of Travis Garland's region.

23. In the process of swapping Perishable Managers at Store 848, an inventory was performed resulting in a shortage being discovered. Matt – the outgoing Perishable Manager – when questioned by a Food Lion manager admitted to padding his inventories. Additionally the deli inventory when taken by a Food Lion trainer came up short.

24. Nancy had been directed by Travis Garland to not attend the inventories which occurred on the day of the listening sessions conducted by an HR representative, but Travis Garland

4

documented the shortage as being Nancy's fault. However, Travis Garland later documented Nancy as failing to attend the inventor by the Food Lion trainer.

25. Upon information and belief, not every store manager in Food Lion during the relevant time of this complaint was documented or charged with responsibility for the shortages when the subordinate managers engaged in fraudulent inventories.

26. Travis Garland terminated Nancy on 12 December 2019 in her store which was intended to demean her in front of her team members and establish himself as a manager to be feared.

27. In October, Nancy had requested a transfer to another region.

28. Upon information and belief, other male store managers were given the option of being transferred to a different store or demoted to assistant manager at another store as a discipline instead of termination.

29. Nancy has sustained lost income, lost employment benefits including health insurance, profit sharing through a bonus structure, tenure with the defendants and emotional distress.

30. Nancy's termination on 12 December 2019, 13 days before Christmas, was intended to be particularly harsh by Travis Garland as payback for her challenging his false accusations, criticizing his management and calling out his unlawful questions about Nancy's age and romantic relationships.

31. Nancy pursued an open door policy review with defendants, which review resulted in no relief for Nancy.

32. Defendants have discriminated against Nancy because Nancy was a female store manager of Food Lion store 848 and was treated less favorably than similarly situated male store managers. Upon information and belief, Nancy was replaced at Store 848 by a male store manager.

5

33. Defendants failed to follow its own personnel policies in investigating Nancy's concerns about Travis Garland related to his mistreatment of her by his manipulation of defendants' policies; failed to afford Plaintiff a non-discriminatory investigation; and failed to treat Nancy fairly by virtue of its investigation and subsequent discipline of Nancy.

34. For the foregoing reasons, *inter alia*, Defendant discriminated against Hearn in violation of 42 USC § 2000e-2(a) by terminating her for an incident which other male officers were treated differently.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the court grant the following relief:

(a) Award compensatory damages to Nancy to compensate her for the pain and suffering, lost wages and lost benefits caused by the Defendants' discriminatory conduct, pursuant to and with the statutory limitations of applicable law;

(b) Order the defendant to take remedial steps to ensure a nondiscriminatory workplace, including providing adequate training to all employees and officials; and,

(c) Award such other relief as justice may require, together with Plaintiff's costs and attorney fees in this action.

This the 18th day of November, 2020.

**RANDOLPH M. JAMES, P.C.**

By: /s/ Randolph M. James
   Randolph M. James
   N.C. State Bar # 10000
   P.O. Box 20069
   Winston-Salem, NC 27120
   E-mail: rmjames@rmjameslaw.com
   Telephone: (336) 724-7707
   Facsimile: (336) 724-9722

6